UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 13-61582-CIV-COHN-SELTZER

STACEY MATTOCKS, an individual,

    Plaintiff,
v.

BLACK ENTERTAINMENT
TELEVISION LLC, a District of Columbia
limited liability company,

    Defendant.
_____/

**DEFENDANT'S MOTION TO STRIKE**
**PLAINTIFF'S MOTION TO COMPEL**

    Defendant, BLACK ENTERTAINMENT TELEVISION LLC ("BET), by and through undersigned counsel, respectfully requests this Court's entry of an Order striking Plaintiff's Motion to Compel (DE 24) as violative of Local Rules 7.1 and 26.1.[1]  In support thereof, Defendant states as follows:

    1.    Plaintiff's Motion to Compel was precipitously filed while the parties were in the midst of a meet and confer process and does not inform the Court which issues have already been narrowed and which issues remain for the Court's determination.

    2.    The bulk of the documents to be produced by BET in this matter are being produced pursuant to Requests 1 and 2 of the First Request to Produce.  As Plaintiff is aware, that is a very large production which has taken approximately 100+ lawyer and non-lawyer hours to compile and review several thousands of pages of documents.  Production is close to

---

[1] For the reasons set forth herein, Plaintiff's Motion to Compel is procedurally deficient.  If, however, this Motion to Strike is denied, Defendant intends to respond to the Motion to Compel, such as it is.

# 1266864

completion, and Plaintiff's counsel has been provided periodic updates without objection. The parties have not, however, been able to agree to terms for the Confidentiality Agreement, so Defendant has simultaneously herewith filed a Motion for Entry of Protective Order. It is anticipated that once a Protective Order is entered, the vast majority of the production can proceed apace.

3. As to the remainder of Plaintiff's Motion to Compel, in the telephonic meet and confer between counsel, Plaintiff's counsel specifically asked defense counsel to give first priority to Requests 1, 2, and 3 of the Second Request to Produce because those were the requests he "cared the most about." As counsel is well aware, dealing with the complex issues presented in those requests has required counsel on both sides to confer with technology consultants. There was initial disagreement about what could be produced, how it could be produced, what information should be actually contained on the requested logs and reports, etc. (see e-mail exchange attached as Exhibit A concerning some of the technological issues). In fact, it was BET's "burdensomeness" objection (which Plaintiff now dismissively characterizes as "boilerplate") that led Plaintiff's counsel to clarify he was actually intending to request less than what had been literally asked to be produced[2] and to accordingly narrow his request.

4. On January 27, Defendant's counsel sent an e-mail to Plaintiff's counsel indicating that it was likely the parties could resolve the prioritized issues (Requests 1-3 of the Second Request) and indicating that resolution of those Requests "may take care of some of the other objections as well." See Exhibit A. Rather than continuing the dialogue, however, Plaintiff's counsel filed the instant Motion to Compel.

---

[2] Plaintiff's representation that "BET has failed to articulate any basis for its unfounded boilerplate objections" is disingenuous since defense counsel not only went through many of its objections with Plaintiff's counsel telephonically, but the discussion of those objections led to clarification and narrowing by Plaintiff's counsel.

5.      Moreover, as defense counsel focused preliminarily on the issues that Plaintiff's counsel deemed most important, there has not been a proper meet and confer as required by Local Rule 7.1 as to the remaining requests in the Second Request to Produce, namely, Requests 5-8.

6.      In addition to the lack of a complete meet and confer, Plaintiff's Motion also fails to comply with Local Rule 26.1(h)(2) which requires that motions to compel set forth the request verbatim, the specific objections, and the reasons assigned as supporting the motion as to each specific item.  In this case, the failure to follow that format leaves the Court without any knowledge as to how the issues have been narrowed thus far or what issues remain outstanding, if any, with respect to each request.

7.      Plaintiff's Motion seems to suggest that all objections are waived because they are not sufficiently specific.  A review of Defendant's objections shows that they do not suffer from the type of problem discussed in the cases cited by Plaintiff.  Plaintiff's "Motion to Compel" is simply an attempt to short-circuit the meet and confer process and have this Court overrule objections without Plaintiff having to ultimately justify any of her far-reaching requests to the Court.[3]  Plaintiff's violation of Local Rules 7.1 and 26.1 warrants striking Plaintiff's Motion to Compel.  *See, e.g., Habersham Plantation Corp. v. Molyneux*, No., 2011 WL 1832782*3-*4 (S.D. Fla. 2011) (striking motion to compel for lack of sufficient compliance with Local Rule 7.1 meet and confer obligations and for failure to comply with the format mandated by Local Rule 26.1(h)(2) "which is not discretionary").

---

[3] Ultimately, if the meet and confer process does not resolve all issues, Plaintiff – not Defendant – will bear the burden of demonstrating the relevance and need for proprietary, confidential information, such as that sought by Requests 5-8 of the Second Request to Produce.  *See, e.g., American Standard Inc. v. Pfizer Inc.*, 828 F.2d 734, 740 (Fed. Cir. 1987); *United Technologies Corp. v. Mazer*, No. 05-80980, 2007 WL 788877 *1 (S.D. Fla. March 14, 2007).

CASE NO.  13-cv-61582-JIC

WHEREFORE, based on the foregoing, Defendant requests this Court's entry of an order striking Plaintiff's Motion to Compel, and requiring the completion of the meet and confer process and, if necessary, requiring a Motion to Compel which sets forth each request that remains in dispute, the objections that remain as to that request (as amended and/or narrowed by the meet and confer process as applicable) and Plaintiff's legal argument with respect to each request remaining in dispute.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Undersigned counsel certifies that she has conferred with opposing counsel in a good faith effort to resolve the issues herein but has been unable to do so.

Respectfully submitted,

GRAY ROBINSON, P.A.
Attorneys for Defendant
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
Karen.Stetson@gray-robinson.com
Phone: (305) 416-6880
Fax: (305) 416-6887

By: /s/ Karen Stetson
Karen Stetson
Florida Bar No: 742937
Jonathan L. Gaines
Florida Bar. No. 330361

# 1266864

CASE NO.  13-cv-61582-JIC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via ECF to the parties in the attached Service List on this 3rd day of February, 2014.

By:   /s/Karen L. Stetson

## SERVICE LIST

TRIPP SCOTT, P.A.
*Counsel for Plaintiff*
110 SE Sixth Street, 15th Floor
Ft. Lauderdale, Florida 33301
Tel: 954.525.7500
Fax: 954.761.8475
Alexander D. Brown, Esq.
adb@trippscott.com
Peter G. Herman, Esq.
pgh@trippscott.com
Adam S. Goldman, Esq.
asg@trippscott.com

# 1266864