UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 13-61582-CIV-COHN-SELTZER

STACEY MATTOCKS, an individual

       Plaintiff,

v.

BLACK ENTERTAINMENT TELEVISION, LLC
a District of Columbia limited liability company,

       Defendant.
_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIALS

Plaintiff, Stacey Mattocks, files her Response to Defendant's Motion for Protective Order Regarding Confidential Materials, and states:

As an initial matter, Plaintiff has not (and does not) dispute that protective agreements/orders in intellectual property related cases have become somewhat commonplace. Nevertheless, it should also be acknowledged that such agreements/orders essentially seek an anticipatory ruling from the Court that documents not yet produced (or even reviewed by anyone, except hopefully the producing party), are proprietary. In this regard, while confidentiality agreements/orders may be somewhat common, one must not overlook the well-established burdens of proof placed on the designating party to establish the proprietary nature of its documents.

For example, absent a protective order, the proponent of the designation has the absolute obligation under Federal Rule of Civil Procedure 26 to timely petition the Court for the imposition of a protective order and to satisfy their burden of establishing the proprietary nature of the documents to be produced. *See* Fed. R. Civ. P. 26(c); *Trinos v. Quality Staffing Services*

*Corp.*, 08-80322-CIV, 2008 WL 2157032 (S.D. Fla. 2008) ("the party seeking the protective order must show good cause by demonstrating a particular need for protection."). Following this rationale, Plaintiff submits that the burden should always remain on the shoulders of the proponent to prove, if necessary, the propriety of the designation. Otherwise, one can foresee that a litigant may -- intentionally or even inadvertently -- become overly relaxed in its designations, leaving the burden on the receiving party to challenge improper designations.  Such a scenario would not only misplace the customary burden, but could also be viewed as encouraging unnecessary discovery disputes, resulting in a waste of judicial and litigant resources.  Indeed, it is less likely that an improper designation would make its way to the courthouse if the proponent would have to fulfill its burden of establishing the propriety of a particular designation.

Despite the foregoing principles, Defendant seeks to misplace the aforementioned burden by arguing that it is "customary" for a party seeking to challenge his opponent's designation to file a motion with the Court.[1] Defendant even goes so far to argue that requiring Defendant to file a motion to justify its designation "places an unfair obligation upon [Defendant]." [DE 26 at ¶2]. However, contrary to this blanket assertion, no such "custom" exists, and Plaintiff only seeks to maintain the placement of the burden of proof and persuasion established by the Federal Rules of Civil Procedure and case law.

In fact, several courts in this Circuit have approved of and even ordered the <u>designating party</u> to move the court for relief in the event of a dispute concerning the designation of proprietary information. *See Mauro v. Alldredge*, 6:12-CV-1333-ORL-22, 2013 WL 3866531

---

[1] In support of this "custom," Defendant cites to a single case, *Preferred Care Partners Holding Corp., et al. v. Humana, Inc.*, Case No. 08-20424-Civ-Ungaro/Simonton. However, in *Preferred Care*, the confidentiality order was agreed to by the parties and the court did not address the burden of challenging proprietary designations.

(M.D. Fla. 2013);[2] *Moore v. Lender Processing Services, Inc.*, 312-CV-205-J-99TJC, 2012 WL 4953127 (M.D. Fla. 2012) ("[i]n reviewing protective orders previously entered, the undersigned found orders directing the challenging party as well as the producing party to apply for Court intervention."); *In re Seroquel Products Liab. Litig.*, 606MD-1769-ORL-22DAB, 2008 WL 508393 (M.D. Fla. 2008).[3] *See also Nat'l Hand Tool Corp. v. United States*, 14 C.I.T. 490, 495 (Ct. Int'l Trade 1990).[4] The rationale behind the practice of having the designating party move the court for relief fits squarely within the designating party's unquestionable duty to prove the documents are properly designated as proprietary. *See Trinos, supra.*

The fact that Defendant will be producing proprietary documents and that Plaintiff may not produce as many does nothing to change this paradigm. The potential for abuse in placing the burden on the receiving party to move the court for relief from a producing party's improper proprietary designations is far greater than in the converse situation, as it is the producing party that has the opportunity to abuse its designation ability. Plaintiff should not be unfairly burdened

---

[2] "Any party to this lawsuit to whom Confidential Information is produced or disclosed may object to the designation of information as Confidential Information. The objection shall be made in writing to counsel for the designating party. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation. If the objection cannot be resolved by agreement within fourteen (14) calendar days of the date of service of the objection, **the designating party shall promptly move the Court to resolve the objection.** All materials whose designation is objected to shall continue to be treated as Confidential Information unless and until the Court rules to the contrary. If the Court determines that the materials have not been designated Confidential in good faith, the Court may award the non-designating party attorney's fees incurred to obtain the de-designation of the materials." (emphasis added). *Id.* at *6.

[3] "If at any time a Party wishes for any reason to dispute a designation of Discovery Materials as confidential, such person shall notify the Designating Party of such dispute in writing, specifying by exact Bates number(s), the Discovery Materials in dispute. The Designating Party shall respond in writing within 10 days of receiving this notification. If the Parties are unable to amicably resolve the dispute, **the proponent of confidentiality may request by motion a ruling that Discovery Materials designated as confidential are entitled to such status and protection under the Federal Rules and this Order**. Such motion shall be made within thirty (30) days of receipt by the Designating Party of the notification of the recipient's challenge to the designation, or such other time period as the Parties may agree to in writing. The Designating Party shall have the burden of proof on such motion to establish the propriety of its confidential designation." (Emphasis added). *Id.* at *2.

[4] "[P]aragraph 8 of the protective order will allow defendant to object, and grants plaintiff 14 days "in which to withdraw the claim to confidentiality or otherwise resolve the disagreement, or move the Court to resolve the disagreement." *Id.* at 494.

with the task of moving the court to challenge every proprietary designation when the designating party has the ultimate burden to justify the document(s) designation.

Moreover, and as accurately stated in Defendant's Motion for Protective Order, the Parties attempted to negotiate the language of a Protective Order and came to an agreement on every issue except for that regarding the burden for designating and challenging documents marked as proprietary. However, Defendant's depiction of how the Parties came to an agreement on all other issues grossly distorts reality in an apparent attempt to portray itself as the "good guy" by claiming that it "agreed to numerous draconian provisions in order to satisfy Plaintiff." In fact, nothing could be further from the truth, as Defendant adamantly refused to agree to almost all of Plaintiff's suggested provisions, while Plaintiff agreed to incorporate every revision from Defendant without issue, save for the provision at hand. *See* Exhibit A. However, due to the potential for abuse and the unfair position in which Plaintiff may be placed if the burden is reversed, this burden shifting provision is the only issue to which Plaintiff fundamentally cannot acquiesce.

WHEREFORE, should this Court enter a protective order, Plaintiff respectfully requests this Court enter the Protective Order attached as Exhibit B to Defendant's Notice of Filing Revised Exhibits [DE 28], and grant such other and further relief as it deems just and proper.

Respectfully Submitted,

By: ***/s/ Alexander D. Brown***
Alexander D. Brown, Esq.
Fla. Bar No. 752665
adb@trippscott.com
Peter G. Herman, Esq.
Fla. Bar. No. 353991
pgh@trippscott.com
Adam S. Goldman, Esq.
Fla. Bar No. 86761

710076v1 999390.0001

asg@trippscott.com
TRIPP SCOTT, P.A.
110 SE Sixth Street, 15th Floor
Ft. Lauderdale, Florida 33301
Tel: 954.525.7500
Fax: 954.761.8475
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served via EC/CMF this 7th day of February, 2014, to the attorneys on the below Service List.

By**:** */s/ Alexander D. Brown*
Fla. Bar No. 752665
adb@trippscott.com

## SERVICE LIST

Karen L. Stetson, Esq.
Gray Robinson, P.A.
1221 Brickell Avenue Suite 1600
Miami, FL 33131
Karen.Stetson@gray-robinson.com
*Counsel for Defendant*

710076v1 999390.0001