# Adam S. Goldman

**From:** Adam S. Goldman
**Sent:** Thursday, January 30, 2014 4:24 PM
**To:** 'Karen L. Stetson'
**Cc:** Alex Brown
**Subject:** RE: Mattocks adv. BET: Mattocks v. BET
**Attachments:** Confidentiality Stipulation and Protective Order (2).DOC

Karen:

We're ok with the top part of your email and you will see the changes in the attached document.

While we still disagree regarding Par. 3b3 and 6, will compromise on the issue and will notify you in advance when we wish to show confidential or AEO documents to any witness or consultant. You will see the changes reflected in the document.

As to the AEO provision, we are at an impasse, as we strongly believe the burden should be on the producing party to show the documents are properly designated. In fact, we have an identical provision in a Confidentiality Order in a case against one of your colleagues at Gray Robinson. Nevertheless, I think we should file the Order without this paragraph and you should petition the Court for a Protective Order. Because your production is already overdue and I do not want this holding up your production, we will agree to regard your production as AEO for 30 days, as long as you file your petition within 10 days. If you do not file within 10 days, we will regard the documents as Confidential only.

I think this is the only way to proceed here, but let me know your thoughts.



110 SE Sixth Street, Suite 1500
Fort Lauderdale, FL 33301
954-525-7500

**Adam S. Goldman**
*Attorney*

Direct: (954) 765-2919
Fax: (954) 761-8475
asg@trippscott.com

---

**From:** Karen L. Stetson [mailto:Karen.Stetson@gray-robinson.com]
**Sent:** Thursday, January 30, 2014 3:03 PM
**To:** Adam S. Goldman
**Subject:** FW: Mattocks adv. BET: Mattocks v. BET

See below re: my comments to your comments – in addition to those comments:

- The definition of Parties should include affiliate companies
- 3d provides for the groups that can review attorneys eyes only documents but doesn't provide for stenographers (3b5). Should add court reporters – should probably also add mediators as qualified

- Would like to add following paragraphs as well:

2/3/2014

**EXHIBIT A**

----MODIFICATIONS. Any party hereto may apply to the Court, on reasonable notice to all parties, for relief from or modification of any provision of this Protective Order. In no event shall any party hereto disclose CONFIDENTIAL or ATTORNEYS' EYES ONLY information except as permitted under the terms of this Protective Order prior to the judicial determination of any dispute.

----EFFECTIVE UPON EXECUTION. The parties agree that this Protective Order shall be binding as an agreement between the parties upon execution by the parties before entry by the Court, and that each party shall consider itself bound to this Protective Order while awaiting the signature of its counterparties. In the event that this Protective Order is not entered by the Court for any reason, the terms of this stipulation shall nevertheless be binding on the parties and shall govern the use and disposition of any materials produced or information disclosed by a party pending the entry of the Protective Order.

**From:** Adam S. Goldman [mailto:asg@TrippScott.com]
**Sent:** Friday, January 17, 2014 10:13 AM
**To:** Karen L. Stetson
**Subject:** RE: Mattocks adv. BET: Mattocks v. BET

Karen:

See my comments below.

Thanks.



110 SE Sixth Street, Suite 1500
Fort Lauderdale, FL 33301
954-525-7500


**Adam S. Goldman**
*Attorney*

Direct: (954) 765-2919
Fax: (954) 761-8475
asg@trippscott.com


**From:** Karen L. Stetson [mailto:Karen.Stetson@gray-robinson.com]
**Sent:** Thursday, January 16, 2014 6:22 PM
**To:** Adam S. Goldman
**Subject:** Mattocks v. BET

Adam:

Here are my comments to your confidentiality stipulation and protective order:

Para.3(b)(3) and (6) – I don't agree that independent contractors or consultants or advisors and unlimited third party witnesses can see confidential documents so long as they sign a confidentiality agreement – I would agree that retained experts may see confidential documents so long as they provide something to us in writing agreeing to abide by the terms of the confidentiality agreement. As to others, I would ask to be notified in advance of showing anyone confidential material so that we can register an objection in advance if we have one, regardless of whether that person agrees to be bound by the confidentiality agreement

2/3/2014

We will agree that you will be notified in advance where AEO material would be presented to independent contractors and third party witnesses. We don't think it is necessary to notify you where Confidential material would be presented. Somehow, I envision your client producing most if not all of its documents are Confidential, and I believe it will create major delays if we have to seek your permission before providing any documents to witnesses or consultants. Also, I want to add language that you cannot unreasonably withhold your consent to provide AEO to witnesses and consultants.

{no, we want to be notified if outside persons are going to view either confidential or attorney's eyes only info – as I said to you previously, there is some info that we would be designating confidential vis-à-vis Stacey that we would otherwise be designating attorney's eyes only "but for" her prior relationship with the company. Ok to add language re: consent not unreasonably withheld. I don't think you will need to show scores of people our confidential documents so this should really not hold anything up}

Para.3(c) (p. 5) – I would suggest calling the upper level of confidentiality "Highly Confidential/Attorney's Eyes Only" Instead of just "Confidential/Attorney's Eyes Only." This is a minor point but in my experience the two types of Confidential sometimes get confused in the labeling, etc. – better to have Confidential and Highly Confidential/Attorney's Eyes Only. In that same paragraph, you say that the designating party must have a good faith belief that the information is economically or competitively sensitive prior to making this heightened designation. I agree that documents should not be lightly labeled highly confidential; however, the way it is now worded, it can be implied that we do not believe anything designated with less than a highly confidential designation, namely, confidential is not economically or competitively sensitive which is not necessarily the case. For example, we may choose to designate a document confidential because it contains information we deem economically or competitively sensitive vis-à-vis non-parties, but do not think your client should be precluded from seeing because it is something she was privy to during her relationship with us. This can be remedied by either omitting "economically or competitively sensitive" and indicating instead that the designating party must have a good faith basis for the heightened designation or you can add something that says, effectively, the designation of any documents as confidential as opposed to highly confidential shall in no way be construed as a concession that documents designated confidential do not contain economically or competitively sensitive information. That wording is a bit awkward, but I think you can see what I am getting at.

{I made your requested change.}

Subparagraph(d) on p. 6 – not agreement to the inclusion of subparagraph 3(b)(3) for the reasons already stated

See response to your first point

{same response – see above}

Paragraph 4, p. 7 – I think e should have ten days of receipt of documents from third parties to make designations (as opposed to "production," which can be vague]. Also, in that first paragraph, remove "and was given to the non-Party on a confidential basis." I do not agree that this is a necessary prerequisite to designating third party documents as confidential. Makes no sense to me.

{I made your requested change.}

Paragraph 5(a) and (b) – the designation can be on appropriate pages or testimony – add "or testimony" – Could use maybe more than 10 days to do confidentiality designations upon receipt of depo transcri8pt – at least 14 days!

{I made your requested change.}

Paragraph 8 – I am not agreeable that the burden to file a motion regarding confidentiality falls on the producing, as opposed to the objecting, party. If the objecting party wants a document's designation lowered and the parties cannot work it out, the objecting party should have to pursue it via motion or the designation stands.

We strongly disagree here. As I stated above, I believe your client will be producing most if not all documents as

2/3/2014

confidential or AEO. We have been in countless situations where the burden is as you suggest and the other side ends up designating everything as Confidential or AEO. That imposed an undue burden on us to object and move the Court, when most if not all designations were improper to begin with. Your suggestion leaves open the window for significant abuse that we should not be required to spend time and money to try to resolve. I'm not saying that you will abuse the designations, but it is an extremely common occurrence in cases where the receiving party has the burden.

{we insist on this – I have never seen the burden turned around like this – you have asked for a lot of confidential information (as you well know) so all you are trying to do is burden us – my suggestion, in order to not to hold up the current production which is in process is to go along with our suggested change in this regard and if you think it is so important you can later seek modification of this term from the Court but I truly think you are worrying over nothing here – in other words, any confidentiality designation by us is not going to impede your ability to ready your case or conduct discovery and we will not be unreasonably withholding permission for you to show others if needed for the case}

Paragraph 10(b) – at the conclusion of the case, we want our confidential and highly confidential documents returned. We do not want it left for destruction by you or the plaintiff. Similarly, we do not want you to maintain a complete set of documents or depositions, if they include confidential or highly confidential documents. I see no reason for that once the case is concluded.

We will agree to return any Confidential or AEO documents as long as they do not have any work-product on them. Also, to prevent a situation where we settle and then your client breaches and then we need documents that we have returned (not that I would anticipate this situation, but to safeguard against it), I would add language that Confidential or Highly Confidential Information must be returned upon the final conclusion of this case and any appellate disposition, or upon such being required pursuant to any settlement agreement.

{ok, except for the first sentence – don't put work product on our documents so that they can't or shouldn't be returned}

Let me know re: above – we can discuss tomorrow if you like.

I'm available to discuss today.

**Karen L. Stetson**
Shareholder
GrayRobinson, P.A.
1221 Brickell Avenue, Suite 1600
Miami, FL 33131
Main: 305-416-6880 | Fax: 305-416-6887
Email: karen.stetson@gray-robinson.com
**GRAY | ROBINSON**
ATTORNEYS AT LAW

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

CONFIDENTIALITY NOTE: The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments to this e-mail, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under the U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to

2/3/2014