UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 13-61582-CIV-COHN-SELTZER

STACEY MATTOCKS, an individual

       Plaintiff,

v.

BLACK ENTERTAINMENT TELEVISION, LLC
a District of Columbia limited liability company,

       Defendant.

_____/

## PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIALS

WHEREAS, discovery, pleadings, briefs and other documents filed with the Court or exchanged by the parties in the above-captioned matter may involve documents containing (i) trade secrets, (ii) or other confidential information;

WHEREAS, the Parties in the above-captioned matter have agreed that it is necessary to establish common procedures to safeguard the confidentiality of the information summarized above and to facilitate the disposition by this Court of any disputes or problems that may arise in connection with discovery or other use of this information;

WHEREAS, good cause therefore exists under Fed. R. Civ. P. 26 for entry of this Protective Order;

IT IS HEREBY ORDERED AND ADJUDGED:

1.   Definitions. The following definitions shall apply to this Order:

    a.   "Confidential Information" shall mean any trade secret, including any confidential commercial or financial information, or any other information that any Party to the

Litigation or any Producing Party may reasonably characterize as confidential and that has not previously been made available to the public.

b.      "Documents" shall mean all written records, electronically stored information or graphic material whatsoever.

c.      "Legend" as used herein shall mean a stamp or similar insignia stating "CONFIDENTIAL" or other appropriate term or terms connoting the confidentiality of the document and the document's contents.  When any document is designated "Confidential" pursuant to this Protective Order, the Legend shall be affixed to the cover of such document and to any page therein containing Confidential Information.

e.      "Litigation" shall refer, collectively and individually, to the above-captioned matter, and any appeal therefrom through final judgment.

f.      "Producing Party" shall mean any Party to the Litigation, or any other person or entity producing documents, information or other materials in the Litigation.

g.      "Parties" shall mean the Plaintiff and the Defendant in the above captioned matter, and any of Defendant's affiliate companies.

2.      Scope of Application.  This Protective Order shall govern all documents and other information and materials produced voluntarily or in response to any discovery conducted by any Party to the Litigation pursuant to the Federal Rules of Civil Procedure.  Further, this Order shall govern all documents and materials containing Confidential Information that are submitted in connection with a pleading, brief or other document filed with this Court.  This Order shall not govern the use or admissibility of any evidence at trial or the procedures for using any document or information at trial.

3.    Designation and Limitations on Use of Confidential Information.

a.    Designation as "Confidential Information." A Producing Party may designate any document or portion thereof that contains Confidential Information as "Confidential" pursuant to this Order by affixing the legend as provided under subparagraph 1(d) to any document containing, or that the Producing Party believes contains, Confidential Information. The designation of any document(s) as "Confidential" as opposed to "Highly Confidential - Attorneys' Eyes Only" (as defined below) shall not be construed as a concession that the document(s) designated "Confidential" do not contain economically or competitively sensitive information.

b.    Limitations on Use of Confidential Information. All documents, material, or information in this Litigation that are designated "Confidential" may be used only for purposes of the conduct of this Litigation to include discovery, motions, briefs, preparation for trial, trial and appeal, if any, and for no other purpose ("Permitted Purpose"). However, in the event any document, material, or information designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" is thereafter introduced into the record during trial, hearing or other public proceeding, the Parties shall not thereafter be bound or restricted by this Order for any such document, material, or information unless the Producing Party thereafter petitions for and obtains an order sealing any such document, material, or information from the public. Nevertheless, until any document, material, or information is introduced into the record during trial, hearing or other public proceeding, Confidential Information and any summaries, charts or notes made therefrom, and any facts or information contained therein or derived therefrom and from no other source, shall be disclosed only to the Court (as provided for in paragraph 7 below) and to:

(1)     Parties to the Litigation and the employees, officers, agents and directors of such Parties only to the extent necessary for the Permitted Purpose;

(2)     counsel for the Parties hereto and their paralegals, litigation support staff and outside copying services, or other secretarial and clerical employees only to the extent necessary for the Permitted Purpose;

(3)     employees, officers and directors of independent contractors, experts, consultants, or advisors who are employed or retained by, or consulted about retention on behalf of, any of the Parties or counsel for the Parties hereto only to the extent necessary for the Permitted Purpose (but excluding any person regularly employed or engaged by a current or prospective competitor of the Party or third party that designated the material);

(4)     deponents and their counsel who have a reasonable need to review this material during the course of, or in connection with, depositions taken in or for the Litigation;

(5)     stenographic and court reporters who are involved in depositions, the trial or any hearings or proceeding before the Court in the Litigation;

(6)     third-party witnesses in the Litigation who reasonably need to review this material prior to or in connection with potential testimony in the Litigation;

(7)     the persons listed on the document as authors or recipients (including copyees); and

(8)     mediator(s) involved in attempting to resolve this Lawsuit.

Unless the Producing Party agrees otherwise, the Disclosing Party must obtain written permission before disclosing any Confidential Information to any individual listed in Paragraphs 3(b)(3) and (6). Consent must not be unreasonably withheld. After permission is granted,

Confidential Information may be disclosed to persons referred to in this subparagraph only after such persons have been advised of the terms and operation of this Order and have agreed to be bound by its terms. Persons listed in (3), (4), or (6) of this paragraph shall be required to sign a Written Assurance in the format attached hereto as Exhibit "A" prior to disclosure to them of Confidential Information. A copy of each executed Written Assurance shall be retained by counsel of record for the Party obtaining the Written Assurance. A Party may make such application to the Court for disclosure of a copy of the executed Written Assurance(s) and the Court will grant such an application upon good cause shown, except that a Party need not disclose a copy of an executed Written Assurance if doing so would tend to reveal the identities of experts retained by a Party the disclosure of whom is not required by the Federal Rules of Civil Procedure, unless ordered by the Court. This subparagraph shall not prevent a Producing Party from disclosing its own Confidential Information to any person, including its counsel and their partners, associates, paralegals, and clerical and litigation support personnel.

      c.    <u>Designation as "Highly Confidential - Attorneys' Eyes Only."</u>  Should a Producing Party desire to designate Confidential Information as being produced for Attorneys' Eyes Only, it may do so only in those instances where that Party reasonably and in good-faith believes that the information is economically or competitively sensitive, such that disclosure beyond those persons specified in subparagraph 3(d) would result in actual injury to the Producing Party. Should a Producing Party believe that such reasonable good-faith basis exists, then such Party must produce such documents with a clear indication (*i.e.*, *via* cover letter) that the Producing Party desires that said collection of documents be treated as documents for Attorneys' Eyes Only. The written indication shall specifically identify the information or document(s) that is/are being sought to be produced for Attorneys' Eyes Only (by Bates

numbers) and include a statement of the legal or factual basis for each such designation. The Producing Party should also affix a legend to the production stating "Attorneys' Eyes Only" or its equivalent in addition to a legend stating "Confidential."

In the event the parties have a dispute over whether documents or information constitute "Attorneys' Eyes Only" within the scope of this Order, the Party contesting the designation shall notify the designating Party of the objection in writing.   The Parties shall confer and make a good faith effort to resolve the matter by agreement.  If an agreement cannot be reached by negotiation, then the Objecting Party must make an application within fourteen (14) days of the meet and confer session for a ruling from the Court on the appropriateness of the sought "Attorneys' Eyes Only" designation.  In the event that such application is made, the information or document shall be submitted to the Court under seal for the Court's review, and the submitted documents shall be treated as "Highly Confidential – Attorneys' Eyes Only" until the Court rules on the application.

        d.   <u>Limitations on Use of Highly Confidential - Attorneys' Eyes Only Information</u>. Confidential Information that is properly designated "Highly Confidential - Attorneys' Eyes Only" may be disclosed only to (i) the Court (under seal or equivalent safeguard as provided for in paragraph 7 below), (ii) those individuals identified in subparagraphs 3(b)(2), 3(b)(7), and 3(b)(8), and/or (iii) those individuals identified in subparagraphs 3(b)(4), 3(b)(5) and 3(b)(6) above if the deponent or witness was an author or recipient of any information. Disclosing Party must obtain written permission before disclosing any Confidential Information that is properly designated "Highly Confidential - Attorneys' Eyes Only" to any individual listed in Paragraphs 3(b)(3) and (6). Consent must not be unreasonably withheld. After permission is granted, disclosure of any Confidential Information that is properly designated "Highly

Confidential - Attorneys' Eyes Only" shall be subject to the requirement regarding Written Assurances, as set forth in subparagraph 3(b). This subparagraph shall not prevent a Producing Party from disclosing its own "Highly Confidential - Attorneys' Eyes Only" Information to any person, including its counsel and their partners, associates, paralegals, and clerical and litigation support personnel.

    4.   <u>Designation of Documents Produced by Third Parties</u>.  Consistent with the terms and provisions of this Order, any Party may designate as "Confidential" or " Highly Confidential - Attorneys' Eyes Only" any document that is produced or disclosed without such designation by any third party, within ten (10) business days of receipt of such document (or such other time as may be agreed), provided that such document contains Confidential Information of a designating Party.

    a.   Parties to the Litigation may designate such document by sending written notice of such designation, accompanied by copies of the designated document bearing the Legend, to all other Parties in possession or custody of such previously undesignated document or by reference to a Bates number of the document.  Any Party receiving such notice and copy of the designated document pursuant to this subparagraph shall, within ten (10) business days of receipt of such notice (or such other time as may be agreed), return to the designating Party all undesignated copies of such document in their custody or possession, or alternately shall affix the Legend to all copies of such designated document in their custody or possession.

    b.   Upon notice of designation pursuant to this paragraph, Parties shall also: (i) make no further disclosure of such designated document or information contained therein except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated document of the terms of this Order; and (iii) take reasonable

steps to reclaim any such designated document in the possession of any person not permitted access to such information under the terms of this Order.

      c.      The Parties shall serve a copy of this Order simultaneously with any discovery request made to a non-Party. For any discovery that was served on a non-Party prior to the date of this Order, the Party who served the discovery shall provide the non-Party with a copy of this Order within five (5) business days of the date this Order is entered into by the Parties.

      5.      <u>Designation of Transcripts.</u>

      a.      In the case of Confidential Information revealed during a deposition, if designation of a portion of a transcript, including exhibits, is made by a statement by counsel on the record, or is otherwise made before the stenographer transcribing such deposition has disseminated to counsel for the Parties the transcript thereof, the stenographer shall affix the appropriate Legend to the cover page and all appropriate pages or testimony of the transcript, and to each copy thereof.

      b.      If a deposition transcript has not previously been designated as "Confidential" and/or "Highly Confidential - Attorneys' Eyes Only" prior to its preparation by the stenographer, counsel for a Party may alternatively designate a deposition transcript or a portion thereof, disclosing, containing or referring to any Confidential Document or Confidential Information hereunder as "Confidential" and/or "Highly Confidential - Attorneys' Eyes Only" by informing counsel for all other Parties to this action in writing within fourteen (14) business days after receipt of the transcript (or such other time as may be agreed), as to the specific pages deemed Confidential, and thereafter such pages shall constitute Confidential Documents pursuant to this Order. Upon receipt of such notice, any Party in possession of copies of such

designated transcript shall affix the appropriate Legend thereto. Until the receipt of such designation, the transcript shall be presumed to contain "Highly Confidential - Attorneys' Eyes Only" information.

6.     Copies. All copies of any Confidential Documents shall also constitute and be treated as Confidential Documents as provided in this Order. Any person making, or causing to be made, copies of any Confidential Documents shall make certain that each such copy bears the Legend pursuant to the requirements of this Order. Nothing herein shall preclude any arrangement among the Parties by which documents or other materials may be copied by the Producing Party.

7.     Filing Confidential Information With Redactions and Under Seal. Confidential Information may be referred to in interrogatories, interrogatory answers, motions, briefs, or other papers filed with the Court and may be used in depositions, oral arguments, or at trial in this action, either as exhibits or as the basis for questions. In any motion, brief, or other papers filed with the Court referring to Confidential Information, any document or paper that contains Confidential Information shall utilize redaction whenever possible to protect the Confidential Information. But if redaction is not feasible or sufficient to protect the Confidential Information, then any document or paper that contains Confidential Information shall be filed under seal, in a sealed envelope bearing the caption of the case, the identification of the documents, and the name of the Party filing the sealed items. The envelope shall contain a printed label stating, "This envelope is sealed pursuant to Order of this Court, entered on _____."

8.     Objections to Designation. Any Party (the "Requesting Party") may request in writing that any information or document designated as "Confidential" and/or "Highly Confidential - Attorneys' Eyes Only" be released from the requirements of this Order, and, unless

otherwise agreed in writing, the Producing Party shall meet and confer with the Requesting Party within fourteen (14) business days of a written request. The written request shall specifically identify the information or document challenged by the Requesting Party (by Bates numbers) and include a statement of the legal or factual basis for each objection. If an agreement cannot be reached by negotiation and the Court has not provided for a different procedure to handle such disputes, then the Requesting Party must make an application within fourteen (14) straight days of the meet and confer session for a ruling from the Court on the continued application of the "Confidential" and/or "Highly Confidential - Attorneys' Eyes Only" designation of such information or document. In the event that such application is made, the information or document shall be submitted to the Court under seal for the Court's review, and the terms of this Order shall continue to apply to such information or document until the Court rules on the application. *BY The Producing Party will bear the burden of demonstrating the confidentiality of the documents.*

9.   <u>Objections Not Waived</u>.  Notwithstanding anything to the contrary contained herein, all objections, including any discovery or evidentiary objections, are reserved and are not waived by any terms of this Order.

10.   <u>Modifications</u>.  Any party hereto may apply to the Court, on reasonable notice to all parties, for relief from or modification of any provision of this Protective Order.  In no event shall any party hereto disclose CONFIDENTIAL or ATTORNEYS' EYES ONLY information except as permitted under the terms of this Protective Order prior to the judicial determination of any dispute.

11.   <u>Continuation of Protection After Disposition</u>.

a.   The termination of proceedings in the Litigation shall not relieve the Parties from the obligation of maintaining the confidentiality of all Confidential Documents and

Confidential Information produced and designated pursuant to this Order, unless the Court orders or permits otherwise, or unless the Confidential Document and/or Confidential Information was introduced at trial, hearing or other public proceeding without the Producing Party thereafter petitioning for and obtaining an Order that any such Confidential Document and/or Confidential Information be permanently sealed from public access.

   b.   Upon the final disposition of the Litigation, including any settlement obligations, and a written notice from the Producing Party in that matter, the attorneys for the other Parties shall return to the Producing Party from whom it was obtained any document that has been designated "Confidential" and/or "Highly Confidential - Attorneys' Eyes Only" and all copies thereof, including any such copies disclosed to persons identified in subparagraph 3(b), within fifteen (15) business days.  As to any "Confidential" and/or "Highly-Confidential – Attorney's Eyes Only" materials which contain the Receiving Party's attorney work product notes, those materials will be destroyed and proof of destruction will be provided to the Producing Party.

   12.   Inadvertent Production.  If, through inadvertence, a Producing Party produces any document or portion thereof that contains Confidential Information but fails to designate the document as "Confidential" pursuant to this Order by affixing the Legend as provided under subparagraph 1(d), the Producing Party may subsequently designate the document as "Confidential."  Upon receiving written notice that, through inadvertence, a Producing Party has produced any document or portion thereof that contains Confidential Information but failed to designate the document as "Confidential" pursuant to this Order by affixing the Legend as provided under subparagraph 1(d), the party receiving the notice shall take prompt steps to retrieve the document or portion thereof that contains Confidential Information from any and all

persons who would not otherwise be entitled to receive the document or portion thereof that contains Confidential Information had the Legend been placed thereon prior to disclosure and/or production thereof.

Nothing in this Order shall be read, construed or interpreted to suggest or otherwise imply that every document or information exchanged during the course of this Litigation will qualify as a Confidential Document or Confidential Information.

DONE and ORDERED this 28th day of February 2014.

Barry Seltzer
US. Magistrate Judge

## EXHIBIT A

I, _____, hereby certify that I have read and understand

the provisions of the Protective Order (the "Order), entered in the United States District Court for

the Southern District of Florida in the action entitled _____, CASE NO. _____.

I understand that my use of any and all documents, information and materials in this

Litigation are governed by all terms and conditions of the Order and that such information shall

not be copied, disseminated, or otherwise used for any purposes unrelated to the Litigation,

including future business dealings. I hereby certify that I will comply fully with those terms and

conditions where applicable. I understand that my failure to do so may be punishable as

contempt of Court. I agree to submit to the jurisdiction of this Court for the limited purpose of

enforcement of the terms of this Protective Order.


Name: _____

Address: _____

_____

Signed at _____, this _____ day of _____, 2014.