UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 13-61582-CIV-COHN-SELTZER

STACEY MATTOCKS, an individual,

    Plaintiff,

v.

BLACK ENTERTAINMENT
TELEVISION LLC, a District of Columbia
limited liability company,

    Defendant.
_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**MOTION FOR EXTENSION OF PRETRIAL DEADLINES**

Defendant, BLACK ENTERTAINMENT TELEVISION LLC ("BET), by and through undersigned counsel, files its Response to Plaintiff's Motion for Extension of Pretrial Deadlines (DE 39) and respectfully requests that the Court grant, in part, Plaintiff's Motion with respect to the extension of the expert discovery deadline and deny Plaintiff's Motion with respect to the fact discovery deadline.

**Introduction**

The pretrial deadlines are currently as follows:

- Fact and expert discovery completed by April 1, 2014
- Dispositive pretrial motions and motions to exclude or limit expert testimony by April 15, 2014
- Mediation Completed by April 22, 2014
- Motions in Limine by June 5, 2014

1300375

- Responses to motions in limine, joint pretrial stipulation, and deposition designations for trial by June 13, 2014

Plaintiff's Motion for Extension of Pretrial Deadlines requests a thirty-day extension of Plaintiff's expert discovery deadline from the date that Defendant's provide documents concerning television ratings for the television series The Game (the "Series") and, in the event that the Court grants Plaintiff's Amended Motion to Compel, documents concerning advertising revenue related to the Series, and an extension for Defendant's expert disclosure that is two weeks after Plaintiff's deadline.

In the event that the Court does not grant the foregoing indefinite expert discovery deadlines, Plaintiff requests in the alternative the following schedule:

a.  **Plaintiff's expert report due:**     **April 21, 2014**

b.  **Defendant's expert report due:**     **May 12, 2014**

c.  **Expert discovery closes:**           **May 27, 2014**

As to fact discovery, Plaintiff requests a minimum of a thirty day extension (and preferably a sixty day extension).

With respect to the extension of the expert discovery deadline, Defendant is amenable to Plaintiff's proposed staggered expert discovery extensions as highlighted above.  As to fact discovery, Defendant believes that an extension is unnecessary at this stage in the litigation.  In the event that a specific, as opposed to a speculative, need for an extension arises, Defendant will continue to work with Plaintiff to address timing issues but only when the parties are able to assess exactly what is outstanding and, accordingly, what is a reasonable and appropriate extension.

Based on the foregoing, Defendant asks that the Court deny Plaintiff's request for an extension of fact discovery and grant Plaintiff's alternative request for an extension of expert discovery that includes definite deadlines.

**A.  Expert Discovery**

As a threshold matter, Plaintiff's request for an extension of expert discovery is virtually last-minute.  Specifically, Plaintiff only retained an expert last week even though this case was filed eight months ago and the expert disclosure deadline is March 25, 2014, less than a month away.  Plaintiff argues that she is waiting on Defendant to produce two categories of information, Nielsen ratings and advertising revenue information for the Series, which she maintains the expert needs in order to prepare a report.  Defendant does not believe that either category of information is relevant to this case. [1]  Nonetheless, Defendant has still produced documents evidencing Nielsen ratings for the Series, and is also in the process of producing additional documents this week.  The revenue information is the subject of a pending Motion to Compel, which the parties will have fully briefed by the end of March.  Given that Defendant has already produced certain Nielsen information and intends to supplement that production this week and that the Motion to Compel is before the Court, Plaintiff's request to extend expert discovery indefinitely is not reasonable.

Although not mentioned in Plaintiff's Motion, Plaintiff has been unable to produce documentation evidencing her claimed lost revenues from the Facebook Page at issue, which may be needed to support Defendant's expert report, necessitating Defendant to subpoena a third party for this purpose.  As such, when Plaintiff requested that the parties jointly move to extend the expert discovery deadlines, Defendant was amenable to Plaintiff's request on the condition

---

[1] Defendant disagrees that the Series is "at the heart of this lawsuit."  Defendant instead maintains that this case concerns a Facebook Page and not the Series itself.  *See e.g.*, ¶¶ 55, 64, 74, 80 of Plaintiff's Amended Complaint.

that the Parties' expert reports be staggered so that Defendant has an opportunity to obtain third party evidence and adequately rebut Plaintiff's expert report. The proposed staggered schedule set forth as an alternative within Plaintiff's Motion to Extend Pre-Trial Deadlines, which includes definite deadlines, should be adequate for both sides. Therefore, the Court should reject Plaintiff's indefinite extension request, and grant instead Plaintiff's alternative schedule as follows:

      a. **Plaintiff's expert report due:**    **April 21, 2014**

      b. **Defendant's expert report due:**    **May 12, 2014**

      c. **Expert discovery closes:**    **May 27, 2014**

**B.**      **Fact Discovery**

Defendant maintains that fact discovery can be completed within the time currently set by the Court. Notably, Plaintiff never articulates a specific reason as to why it cannot comply with the April 1 fact discovery cutoff.[2] Defendants maintain that in the event that an actual need for additional discovery arises, as opposed to the speculative assumption which forms the basis of Plaintiff's request, that need could then be addressed by the parties or by this Court at the appropriate time.

WHEREFORE, based on the foregoing, Defendant requests a modification of the expert discovery deadline, including a staggered deadline for Plaintiff's and Defendant's respective expert reports, and denying an extension of the fact discovery deadline at this time.

---

[2] Plaintiff simply asserts that certain documents, depositions or Court rulings "may reveal" the need to conduct more discovery.

CASE NO.  13-cv-61582-JIC

Respectfully submitted,

GRAY ROBINSON, P.A.
Attorneys for Defendant
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
Karen.Stetson@gray-robinson.com
Phone: (305) 416-6880
Fax: (305) 416-6887

By:  /s/ Karen Stetson
Karen Stetson
Florida Bar No: 742937
Jonathan L. Gaines
Florida Bar. No. 330361

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via ECF to the parties in the attached Service List on this 12th day of March, 2014.

By:    /s/Karen L. Stetson

## SERVICE LIST

TRIPP SCOTT, P.A.
*Counsel for Plaintiff*
110 SE Sixth Street, 15th Floor
Ft. Lauderdale, Florida 33301
Tel: 954.525.7500
Fax: 954.761.8475
Alexander D. Brown, Esq.
adb@trippscott.com
Peter G. Herman, Esq.
pgh@trippscott.com
Adam S. Goldman, Esq.
asg@trippscott.com

5

1300375

CASE NO. 13-cv-61582-JIC

6

1300375