UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 13-61582-CIV-COHN-SELTZER

STACEY MATTOCKS, an individual,

    Plaintiff,
v.

BLACK ENTERTAINMENT
TELEVISION LLC, a District of Columbia
limited liability company,

    Defendant.
_____/

**<u>DEFENDANT'S OPPOSITION TO PLAINTIFF'S OMNIBUS MOTION TO STRIKE PORTIONS OF DEFENDANT'S REPLY IN SUPPORT OF MOTION TO EXCLUDE THE REPORT AND TESTIMONY OF FERNANDO TORRES AND DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE SUR-REPLIES</u>**

Defendant Black Entertainment Television LLC ("BET") respectfully submits this Opposition to Plaintiff's Omnibus Motion to Strike Portions of Defendant's Reply in Support of Motion to Exclude the Report and Testimony of Fernando Torres and Defendant's Reply in Support of Motion for Summary Judgment, or in the Alternative, Motion for Leave to File Sur-Replies (D.E. 91).

**<u>ARGUMENT</u>**

The premise behind Plaintiff's motion is that BET made a "new" argument in its Reply in Support of its Motion to Exclude the Report and Testimony of Fernando Torres (D.E. 82) and its Reply in Support of its Motion for Summary Judgment (D.E. 87) when BET pointed out that Plaintiff had failed in her opposition briefs to defend the methodology of her damages expert Fernando Torres with respect to her contract-based claims. Because nothing about BET's argument was "new," the Court should deny Plaintiff's motion.

BET's *original* Motion to Exclude the Report and Testimony of Fernando Torres ("*Daubert* Motion") and BET's *original* Motion for Summary Judgment both argued that Torres' methodology was unreliable—and that his opinion should be excluded—with respect to *all* of Plaintiff's claims. (D.E. 69 at 4-20; D.E. 70 at 19-20). Plaintiff in her Opposition to the *Daubert* Motion chose only to defend Torres' analysis with respect to her conversion claim and expressly declined to "discuss its applicability to Plaintiff's other contract-based causes of action," deeming such discussion "unnecessary." (D.E. 72 at 2 n.2.)[1] BET's replies in support of both its *Daubert* Motion and its summary judgment motion then pointed to Plaintiff's decision not to defend Torres' methodology beyond the conversion claim. (D.E. 82 at 1-2; D.E. 87 at 10.).

Because BET did not make a new argument in its replies, but simply pointed out Plaintiff's decision not to respond to arguments in BET's original briefing, there is no basis to find waiver. But even if BET had made a new argument, Plaintiff's motion would fail. It is well-established that the prohibition on raising new arguments in reply does not apply where the party is merely responding to an argument first made in an opposition brief.[2] This limitation on the waiver rule makes good sense: the point of a reply brief is to respond to the arguments made in the opposition. As such, "[a] reply necessarily raises facts and issues, for the first time, that

---

[1] Plaintiff's Summary Judgment Opposition merely "reincorporate[d]" by reference the arguments made in her *Daubert* Opposition. (D.E. 84 at 20-21). As BET has explained, Plaintiff's "incorporation" of her *Daubert* Reply Brief contravened this Court's page limits for briefing. (*See* D.E. 87 at 10 & n.16.) That Plaintiff has already attempted to evade the page limits counsels against permitting Plaintiff to file a sur-reply here.

[2] *See, e.g., United States v. Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009); *Sadeghi v. INS*, 40 F.3d 1139, 1142-43 (10th Cir. 1994); *Harris Trust & Savs. Bank v. Edelson (In re Wildman)*, 859 F.2d 553, 555 n.4 (7th Cir. 1988); *Baugh v. City of Milwaukee*, 823 F. Supp. 1452, 1457 (E.D. Wis. 1993), *aff'd*, 41 F.3d 1510 (7th Cir. 1994) (unpublished table decision); *cf. Cynergy, LLC v. First Am. Title Ins. Co.*, 706 F.3d 1321, 1330 n. 3 (11th Cir. 2013) (party did not waive argument made at first possible opportunity); *Powell v. Carey Int'l, Inc.*, 490 F. Supp. 2d 1202, 1206 (S.D. Fla. 2006) (finding argument first made in reply brief waived where it was "entirely new, *and not responsive to Plaintiffs' Response*" (emphasis added)).

are germane to the opposition. If the evidence and argument included with a motion were required to anticipate the arguments a respondent might raise in opposition to the motion, the court would not permit the movant to file a reply to any opposition." *Calderon v. Experian Info. Solutions, Inc.*, 290 F.R.D. 508, 515 (D. Idaho 2013) (quotation marks omitted). Thus, even if BET's argument about Plaintiff's concession could be considered a "new" argument, it would be a permissible response to Plaintiff's own opposition briefing. Indeed, it is unclear how BET could have anticipated in its Motions that Plaintiff would fail to defend the flaws in Torres' methodology with respect to her contract-based claims and would limit her defense of Torres to the conversion claim only. As a result, BET did not waive any arguments, and Plaintiff's motion lacks merit.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion should be denied in its entirety.

August 4, 2014                                                                                  Respectfully submitted,

/s/ Karen Stetson

| | |
|---|---|
| JENNER & BLOCK LLP | GRAY ROBINSON, P.A. |
| Susan J. Kohlmann (*Pro hac vice*) | Karen Stetson |
| 919 Third Avenue | Florida Bar No: 742937 |
| New York, NY 10022 | Jonathan L. Gaines |
| Phone: (212) 891-1600 | Florida Bar. No. 330361 |
| Fax: (212) 891-1699 | 1221 Brickell Avenue, Suite 1600 |
| SKohlmann@jenner.com | Miami, Florida 33131 |
| | Phone: (305) 416-6880 |
| Luke C. Platzer (*Pro hac vice*) | Fax: (305) 416-6887 |
| Erica L. Ross (*Pro hac vice*) | Karen.Stetson@gray-robinson.com |
| 1099 New York Avenue N.W. | |
| Suite 900 | |
| Washington, DC 20001 | *Attorneys for Defendant* |
| Phone: (202) 639-6000 | |
| Fax: (202) 639-6066 | |
| LPlatzer@jenner.com | |
| ERoss@jenner.com | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via ECF to the parties in the attached Service List on this 4th day of August, 2014.

By: /s/ Karen L. Stetson

## SERVICE LIST

TRIPP SCOTT, P.A.
*Counsel for Plaintiff*
110 SE Sixth Street, 15th Floor
Ft. Lauderdale, Florida 33301
Tel: 954.525.7500
Fax: 954.761.8475
Alexander D. Brown, Esq.
adb@trippscott.com
Peter G. Herman, Esq.
pgh@trippscott.com
Adam S. Goldman, Esq.
asg@trippscott.com